UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Joseph Kinard, )
)
       Plaintiff, )
) Case: 1:16-cv-01986 (F-Deck)
v. ) Assigned To : Unassigned
) Assign. Date : 10/6/2016
United States *et al.*, ) Description: Pro Se Gen. Civil  Jury Demand
)
       Defendants. )

## MEMORANDUM OPINION

Plaintiff, a District of Columbia prisoner proceeding *pro se*, has submitted a Complaint and an application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff sues the United States and the District of Columbia under 42 U.S.C. § 1983. He seeks $29 million in money damages and his immediate release "for [his] wrongful imprisonment and malicious prosecution[.]" Compl. at 5. Notwithstanding that § 1983 does not apply to the United States and applies to the District under limited circumstances not alleged here, plaintiff's claims are not "cognizable unless and until he meets the requirements of *Heck*" by having the sentence invalidated via direct appeal or habeas corpus, or declared void by an authorized tribunal. *Harris v. Fulwood*, 611 Fed. App'x. 1, 2 (D.C. Cir. 2015) (per curiam) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). "*Heck* applies 'no matter the relief sought (damages or equitable relief) . . . if success in [the] action would necessarily demonstrate the invalidity of confinement or its duration.'" *Id.* (quoting *Wilkinson v. Dotson*, 544 U.S. 74,

1

the invalidity of confinement or its duration.'" *Id.* (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (alterations in original)).

The underlying conviction and sentence have not been invalidated, *see United States v. Kinard*, 1996 FEL 010034 (D.C. Super. Ct.), and "[o]ne element that must be *alleged and proved* in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused," *In re Jones*, 652 F.3d 36, 38 (D.C. Cir. 2011) (quoting *Heck*, 512 U.S. at 484) (alteration and emphasis in original)). Accordingly, this action will be dismissed without prejudice. A separate order accompanies this Memorandum Opinion.

/s/ Tanya Chutkan
United States District Judge

Date: October 4, 2016